UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BYRON K. RED KETTLE, Petitioner, vs. WARDEN DARIN YOUNG, Respondent. | 5:19-CV-05001-KES<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS AND GRANTING RESPONDENT'S MOTION TO DISMISS |

Petitioner, Byron K. Red Kettle, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 10. Red Kettle moved for leave to proceed in forma pauperis and provided his prisoner trust account report. Dockets 2, 17. Respondent, Warden Darin Young, filed a motion to dismiss the application for writ of habeas corpus. Docket 14. Red Kettle has also filed motions for recognizance, release, and a protective order. Dockets 4, 5, 8.

In his amended petition, Red Kettle claims that his trial and appellate counsel were ineffective. Docket 10 at 2-3. Red Kettle alleges that his trial counsel failed to produce evidence of his mental defects so he could obtain a psychiatric expert to aid in his insanity defense. *Id.* at 4. Red Kettle also claims that his appellate counsel was ineffective when he failed to brief his trial counsel's ineffectiveness. *Id.* at 5.

In his motion for release, Red Kettle claims the 28-year delay in re-sentencing was a "direct violation of due process and equal protection of the

law under the Fourteenth Amendment" and thus the state exhaustion requirement of 28 U.S.C. § 2254 is not at issue. Docket 5 at 3. Red Kettle argues this:

> 28[-]year delay by the state in the process of the state court appeals in the petitioner's cases for review and relief from the illegal convictions and sentences that are the result of the state's failure to provide the defendant a fair and speedy trial . . . gives rise under the law to a 'presumption' the petitioner has been prejudiced by the state . . . .

*Id.* at 6.

## LEGAL STANDARD

Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). *See also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. *See* 28 U.S.C. § 2254(b-c). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

**ANALYSIS**

I.   **Motion to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of "(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

Red Kettle has reported average monthly deposits to his prisoner trust account of $1.46 and an average monthly balance of negative $132.86. Docket 17 at 1. Thus, the court grants Red Kettle's leave to proceed in forma pauperis. Based on his monthly balance of negative $132.86, his initial partial filing fee is waived.

Red Kettle must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2).

The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Thus, the remaining installments will be collected under to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at Red Kettle's institution. Red Kettle will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. Motion to Dismiss

In his motion to dismiss, respondent argues that Red Kettle has failed to exhaust his state remedies. Docket 15 at 11-15. On June 13, 2019, State Court Circuit Judge Jane Pfeifle dismissed Red Kettle's state writ of habeas corpus that had been filed on October 26, 2018. Docket 10-1 at 7. Judge Pfeiefle held Red Kettle filed his petition outside the statute of limitations. *Id.* Red Kettle did not appeal this decision to the South Dakota Supreme Court.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. *See* 28 U.S.C. § 2254(b-c). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

4

petition." *O'Sullivan*, 526 U.S. at 842. Red Kettle has filed four previous habeas motions in the District of South Dakota. *See Red Kettle v. United States*, No. 06-5094 (D.S.D. filed Nov. 21, 2006); *Red Kettle v. Lappin*, No. 08-5075 (D.S.D. filed Sept. 22, 2008); *Red Kettle v. United States*, No. 08-5035 (D.S.D. filed Apr. 11, 2008); *Red Kettle v. United States*, No. 09-5105 (D.S.D. filed Dec. 11, 2009); *Red Kettle v. United States*, No. 17-5039 (D.S.D. filed May 15, 2017). Red Kettle failed to demonstrate that the issues he now raises have been exhausted in state court. Because this petition is similar to Red Kettle's previous habeas motions his motion for an extension of time to respond to the respondent's motion to dismiss (Docket 18) is denied.

If a petitioner does not exhaust his remedies in state court, then he must show "cause [for the procedural default] and prejudice" or a "fundamental miscarriage of justice" to qualify for an exemption to exhaustion. *See Murray v. Carrier*, 477 U.S. 478, 491 (1986) (The "cause and prejudice test applies to defaults on appeal."); *Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[V]ictims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard.").

Red Kettle has not demonstrated "cause and prejudice" or a "fundamental miscarriage of justice." As a result, Red Kettle's § 2254 motion is denied and respondent's motion to dismiss (Docket 14) is granted. Thus, this case is dismissed without prejudice and the remaining motions (Dockets 4, 5, 8) are now moot.

IT IS ORDERED:

1. Red Kettle's motion for leave to proceed in forma pauperis (Docket 2) is granted and his initial partial filing fee is waived.

2. Red Kettle's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

3. The clerk of the court is directed to send a copy of this order to the appropriate official at Red Kettle's institution.

4. Respondent's motion to dismiss (Docket 14) is granted.

5. Red Kettle's motions (Dockets 4, 5, 8) are moot.

6. Red Kettle' s motion for an extension of time to respond to the motion to dismiss (Docket 18) is denied.

7. This case is dismissed without prejudice.

Dated September 23, 2019.

BY THE COURT:

/s/ **Karen E. Schreier**
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE