UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BYRON K. RED KETTLE<br><br>Petitioner,<br><br>vs.<br><br>WARDEN DARIN YOUNG,<br><br>Respondent. | 5:19-CV-05001-KES<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |

Petitioner, Byron K. Red Kettle, moves under Fed. R. Civ. P. 60 for this court to reconsider its prior order denying Red Kettle's habeas corpus petition. Docket 24. Red Kettle alleges that his petition was timely under the law, and that there is newly discovered evidence that demonstrates his innocence. *Id.* For the reasons described in this order, Red Kettle's motion for reconsideration is denied.

**BACKGROUND**

Red Kettle filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 10 at 1. To support his argument, Red Kettle alleged that his trial and appellate counsel were ineffective, his trial counsel failed to produce evidence of his mental defects so he could obtain a psychiatric expert to aid in his insanity defense, and his appellate counsel was ineffective when he failed to brief his trial counsel's ineffectiveness. *Id.* at 2-5. In response, respondent, Warden Darin Young, moved to dismiss the petition. Docket 14 at

1

1. The court granted the motion on September 23, 2019, finding that Red Kettle failed to exhaust all his state court remedies prior to filing the petition. Docket 19 at 5.

In a motion signed on September 21, 2020, Red Kettle moves the court, under Rule 60, for an order granting relief from the court's prior dismissal of his 28 U.S.C. § 2254 action. Docket 24 at 1. In his motion, Red Kettle alleges that his original 28 U.S.C. § 2254 petition was timely under the law. *Id.* at 2.

Red Kettle also alleges that he discovered new evidence demonstrating his innocence, which would entitle him to relief under Rule 60(b). *Id.* at 19-28. According to Red Kettle, while reviewing documents and information during his 28 U.S.C. § 2254 appeal, he uncovered evidence of his previously diagnosed and documented mental condition and illness. *Id.* at 20. According to Red Kettle, this recently uncovered evidence establishes and demonstrates the factual basis of his ineffective assistance of counsel (IAC) claims and insanity defense at his original 1989 trial. *Id.* at 20-21.

Red Kettle requests that this court rescind its previous order and reinstate his 28 U.S.C. § 2254 action. *Id.* at 29. This, according to Red Kettle, would allow him to appeal in light of the new evidence. *Id.*

## ANALYSIS

Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with a reasonable diligence, could not have been discovered in time to move for a new trial under Rule

> 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). While the Federal Rules of Civil Procedure do not mention motions for reconsideration, Rule 60 permits a court to reconsider a previous judgment because of a particular reason. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b) exists to "preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996) (quoting *United States v. Walus*, 616 F.2d 283, 288 (7th Cir. 1980)). In deciding whether to grant a motion under Rule 60(b), the court has wide discretion. *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 371 (8th Cir. 1994).

Relief under Rule 60(b) is an extraordinary remedy, so the legal standard for this motion is strict. *See Nucor Corp. v. Nebraska Pub. Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993). Because Rule 60(b) provides for extraordinary relief, "exceptional circumstances must exist to justify intrusion into the sanctity of a final judgment." *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999). In bringing a Rule 60 motion, the movant has the burden of proof. *Id.* at 544. Rule 60(b) motions are not viewed favorably. *Holmes v. United States*, 898 F.3d 785, 791 (8th Cir. 2018).

Red Kettle's motion fails to meet the requirements of Rule 60(b)(2). To prevail on a motion under Fed. R. Civ. P. 60(b)(2), the movant must show: (1) that the evidence was discovered after trial; (2) that the party exercised due diligence to discover the evidence before the end of trial; (3) that the evidence is material and not merely cumulative or impeaching; and (4) that a new trial considering the evidence would probably produce a different result. *Peterson by Peterson v. Gen. Motors Corp.*, 904 F.2d 436, 440 (8th Cir. 1990). To prevail under a Rule 60(b)(2) motion, the movant must prove every element. *See id.*

The first element requires that the evidence must be newly discovered since the trial. *Id.* Red Kettle's mental condition and illness were diagnosed and documented prior to his initial 1989 trial. Docket 24 at 20. As a result, the evidence allegedly uncovered by Red Kettle is not newly discovered evidence, because Red Kettle was aware or should have been aware of this information when he filed his original petition for habeas corpus. Thus, the first element is not met.

The second element requires that the movant demonstrate due diligence in discovering the new evidence. *Peterson*, 904 F.2d at 440. Red Kettle had the burden of establishing his mental insanity defense during his 1989 trial. Docket 24 at 20. As a result, Red Kettle either did or could have had this evidence at the time that he filed his habeas corpus petition in this court. Thus, the second element is not met.

Asserting evidence that should have been discovered if the movant was diligent will not establish the basis for reconsideration under Rule 60(b)(2). *Rhines v. Young*, No. 00-05020, 2016 WL 3661223, at *3 (D.S.D. July 5, 2016), *aff'd on other grounds*, 899 F.3d 482 (8th Cir. 2018). In *Rhines v. Young*, the petitioner, Charles Rhines, a capital inmate at the South Dakota State Penitentiary, was convicted of first-degree murder and third-degree burglary. *Id.* at *1. After being found guilty, Rhines argued that his judgment of conviction should be vacated because of "newly discovered evidence" that was uncovered. *Id.* at *2. The court rejected his Rule 59 and Rule 60(b)(2) motions, reasoning that Rhines had roughly twenty years to discover the evidence he offered. *Id.* at *3. According to the court, for Rhines to prevail, "he must show that this evidence could not have been discovered earlier despite having exercised reasonable diligence to obtain it." *Id.* (emphasis omitted). Because Rhines did not engage in diligence in obtaining the recently discovered information, he did not meet his burden to establish a Rule 60(b) claim. *Id.*

The rationale in the *Rhines* decision is applicable here. In both cases, the movant failed to uncover the information for many years and did not show that he engaged in diligence in attempting to uncover that information. *Id.*; Docket 24 at 12. In addition, both movants attempted to fault their counsel for not developing the evidence sooner. *Rhines*, 2016 WL 3661223 at *3; Docket 24 at 20-21. In this case, similar to *Rhines*, Red

Kettle's motion fails because his allegations undermine the foundation of his motion.

By attempting to establish that there is newly discovered evidence, Red Kettle is acknowledging that he did not engage in due diligence in uncovering the evidence sooner. If Red Kettle was acting diligently, he would have uncovered information about his mental defects and insanity long before he filed his petition for habeas corpus. By filing a motion under Rule 60(b)(2) based on newly discovered evidence, Red Kettle is aware that he should have uncovered this evidence in 1989, as it would have assisted him in his insanity claim. Instead, Red Kettle is attempting to rely on an exceptional remedy when he should have uncovered this information over 30 years ago. This lack of diligence will not give rise to reconsideration under Rule 60(b).

The third element requires that the evidence must be material and not merely cumulative or impeaching. *Peterson*, 904 F.2d at 440. While the evidence may have been material to the outcome of Red Kettle's initial insanity defense, the evidence has no legal applicability to the order denying his 2019 petition for federal habeas corpus. The order was based on the lack of exhaustion in state court. Docket 19 at 5. While the newly discovered evidence may have assisted Red Kettle's mental insanity defense at his initial trial, the newly discovered information would not have any impact on the denial of his habeas corpus petition. Thus, the third element is not met.

The fourth element requires that the evidence must be such that a new trial would probably produce a new result. *Peterson*, 904 F.2d at 440. While the uncovered evidence could have produced a different outcome for Red Kettle's insanity defense at his initial trial, this evidence has no legal applicability to his federal claim for habeas corpus, because the denial of Red Kettle's motion was based on a lack of exhaustion. Docket 19 at 5. Thus, Red Kettle has not shown that the recently uncovered evidence would probably produce a new result.

## CONCLUSION

Red Kettle has not proven any of the four elements necessary to succeed under Rule 60(b)(2). As a result, he has not met his burden of establishing a valid claim under Rule 60(b)(2). In addition, exceptional circumstances do not exist to justify reconsidering the order denying Red Kettle's habeas corpus petition. Thus, Red Kettle's motion for reconsideration is denied.

IT IS ORDERED:

1. Red Kettle's motion for reconsideration (Docket 24) is denied.
2. The clerk of the court is directed to send a copy of this order to the appropriate official at Red Kettle's institution.

Dated June 10, 2021

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
